IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHERYL BAKER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LONNIE HEETER, CRNP, CO MAYER, )<br>CO BRILLIAN, CO WHYTT, CO CURTIS )<br>and CO JANE DOE (1-10), )<br>)<br>Defendants. ) | Civil Action No. 19-296<br><br>Judge Cathy Bissoon |

## MEMORANDUM ORDER

Defendant Lonnie Heeter's Motion to Dismiss ("Def. MTD," Doc. 20) is granted.

Plaintiff filed a Complaint (Doc. 1) alleging at Count I, violation of the Eighth Amendment and at Count II, negligence under state law against Defendant Heeter, as well as at Count III, violation of the Eighth Amendment against various Correctional Officer defendants. Defendant Heeter filed the instant Motion to Dismiss Count I against him for failure to state a claim and to dismiss Count II for subsequent lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Plaintiff filed a Brief in Opposition to Defendant Lonnie Heeter's Motion to Dismiss ("Pl. Opp.," Doc.22).

**I.    MEMORANDUM**

**A. Color of State Law**

Defendant Heeter first argues that Plaintiff failed to establish that he was acting under color of state law, the threshold requirement for Plaintiff's claim at Count I. Groman v. Twp. of Manalapan, 47 F. 3d 628, 638 (3d Cir. 1995), Defendant's Memorandum in Support of Motion to Dismiss, at 5 ("Def. Mem. ISO," Doc. 21). The Court disagrees. Plaintiff has clearly alleged in

her Complaint that Defendant was employed by the Warren County Jail as a certified registered nurse practitioner, was primarily responsible for Plaintiff's medical care, and provided her some medical care during her incarceration at Warren County Jail. Complaint at ¶¶2, 81. Individuals providing medical care to prison inmates are acting under the color of state law because they can treat a prisoner only with the state's authorization. See West v. Atkins, 487 U.S. 42, 54 (1988) ("[A] physician employed by [the state] to provide medical services to state prison inmates, acted under color of state law for purposes of § 1983 when undertaking his duties in treating petitioner's injury. Such conduct is fairly attributable to the State.").

    **B. Deliberate Indifference**

In order to determine whether Defendant Heeter violated Plaintiff's Eighth Amendment rights—specifically, whether Defendant Heeter was deliberately indifferent to Plaintiff's health and safety, Plaintiff must allege that Defendant must "(1) know[] of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delay[] necessary medical treatment based on a non-medical reason; or (3) prevent[] a prisoner from receiving needed or recommended medical treatment." Rouse v. Plantier, 182 F.3d 192, 197 (3d. Cir. 1999).

The problem, however, is that Plaintiff has not sufficiently alleged in her Complaint that Defendant Heeter had the requisite knowledge, specifically with regard to monitoring Plaintiff's condition and providing follow-up care if her condition did not improve, because she has not alleged that he had knowledge of the July 15, 2019 note that is the crux of her complaint. Complaint at ¶19. In contrast to the other notes in her medical file that Plaintiff cites to in her Complaint (¶¶ 16, 54), there are no facts in this note or any other part of the Complaint that indicates that Defendant Heeter knew that Plaintiff required follow-up treatment within 48 hours of July 15, 2019, or any time thereafter.

2

Plaintiff only argues in a conclusory manner that Defendant Heeter had actual knowledge that she needed additional care within 48 hours. Complaint at ¶83. Defendant Heeter correctly notes that Plaintiff has not alleged any facts that Defendant Heeter knew of Plaintiff's condition between July 15, 2019, and July 22, 2019, at which point the Complaint indicates Defendant Heeter was alerted to or authorized Plaintiff's hospitalization. Def. Mem. ISO at 8, Complaint at ¶¶53-54.

Plaintiff asks the Court to infer Defendant Heeter's knowledge of her condition and deliberate indifference in her Brief in Opposition by alleging that she cannot read the signature on the July 15, 2019 note and that Defendant Heeter could have written it, but Plaintiff does not make that allegation in her Complaint, which is what the Court must rely on in determining whether Plaintiff has sufficiently alleged facts to survive Defendant's Motion to Dismiss. See Chavarriaga v. New Jersey Dept. of Corrections, 806 F.3d 210, 232 (3d Cir. 2015) (internal quotations and citations omitted) ("[Plaintiff] by making these allegations in her brief cannot overcome the lack of an adequate pleading in her complaint…Although a court on a motion to dismiss ordinarily must accept the allegations in the complaint as true, it is not compelled to accept assertions in a brief without support in the pleadings. After all, a brief is not a pleading.") As a result, the Court finds that Plaintiff has failed to plead facts sufficient to demonstrate deliberate indifference under the Eighth Amendment and will dismiss this claim against Defendant Heeter.

## II.     ORDER

Consistent with the foregoing, Defendant's Motion to Dismiss (**Doc. 20**) is **GRANTED** as relates to the federal claim at Count I, and the Court will decline to exercise supplemental jurisdiction over the remaining state-law claim at Count II. See Bright v. Westmoreland Cnty.,

380 F.3d 729, 751 (3d Cir. 2004) ("absent extraordinary circumstances, where the federal causes of action are dismissed[,] the district court should ordinarily refrain from exercising [supplemental] jurisdiction"). Given that the deficiencies above conceivably may be cured by amendment, however, Plaintiff hereby is granted leave to file an amended complaint **on or before October 9, 2020**. Should Plaintiff choose to amend, she must be prepared to make last, best efforts to state viable claims, because additional leave will not be granted. Finally, if amendment is not timely-filed, Plaintiff will be deemed to stand on her current pleadings, and final judgment will be entered (without prejudice to Plaintiff pursuing her remaining claim in state court).

IT IS SO ORDERED.

September 25, 2020                                s\Cathy Bissoon
                                                  Cathy Bissoon
                                                  United States District Judge

cc (via ECF email notification):

All Counsel of Record