# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHERYL BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 19-296 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| LONNIE HEETER, CRNP, CO MAYER, CO BRILLIAN, CO WHYTT, CO CURTIS and CO JANE DOE (1-10), | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Defendant Lonnie Heeter's Motion to Dismiss ("Def. Second MTD," Doc. 27) is denied.

After the Court dismissed Counts I and II of Plaintiff's original Complaint (Doc. 25), Plaintiff filed her Amended Complaint ("AC," Doc. 26), including additional factual allegations to support her claims at Count I, violation of the Eighth Amendment, against Defendant Heeter. Defendant Heeter again filed a Motion to Dismiss, along with a Brief in Support ("Def. Brief ISO Second MTD," Doc. 28), to which Plaintiff filed a Brief in Opposition ("Pl. Opp. Second MTD," Doc. 30).

I. **MEMORANDUM**

A. **Deliberate Indifference**

In its previous Order, the Court found that Plaintiff failed to evince specific facts demonstrating that Defendant Heeter had actual knowledge of Plaintiff's dire need for medical treatment following an examination on July 15, 2019. Because Plaintiff's allegations failed to demonstrate that Defendant Heeter had knowledge of her need for medical treatment, she failed to show that he violated her Eighth Amendment rights under the test outlined by Rouse v.

Plantier. 182 F.3d 192, 197 (3d. Cir. 1999) (holding that in order to demonstrate such a violation, Plaintiff must allege that Defendant "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment").

The Court agrees with Plaintiff that she has provided sufficient facts in her Amended Complaint to show that, construed in her favor, Defendant Heeter had actual knowledge that her condition on July 15, 2019, required follow up and additional care within 48 hours if her condition did not improve, and that he delayed the necessary follow-up treatment based on a non-medical reason. This time, Plaintiff alleges that the July 15 note was authored by a consulting physician to the jail, who relayed the contents of this note to Defendant Heeter. AC ¶¶31-32. To bolster her allegation that Defendant Heeter knew of the contents of the note, she argues that Defendant Heeter subsequently authorized an additional seven-day prescription of Augmentin, as instructed in the note. Id. at ¶32-33. The Court finds that this is sufficient evidence at this stage to indicate that Defendant Heeter had actual knowledge of the contents of this note.

Further, she notes that because of her deteriorating condition, a night sergeant placed her name on Defendant Heeter's call-out list on July 18, 2019, for a chest x-ray—another reason she provides to support her argument that Defendant Heeter knew of her dire condition but continued to delay her care without a medical reason. Id. at ¶¶49-50. The Court agrees with Plaintiff that all of these facts, together, plausibly demonstrate that Defendant Heeter had knowledge of her situation.

The Court notes that Defendant makes much ado over Plaintiff's inability to articulate a specific non-medical reason for the delay. But the Court does not believe that her burden is so high at the early stages of this proceeding, especially without the benefit of discovery.[1] Instead, the Court finds the situation in Thomas v. Varano more analogous to the case at hand. Thomas v. Varano, 532 F. App'x 142 (3d Cir. 2013). In this case, the Court of Appeals for the Third Circuit held that the district court incorrectly granted a motion to dismiss a claim against a health care administrator who, despite knowing that plaintiff had prostate cancer, waited 17 days before scheduling the plaintiff to meet with a physician to discuss his treatment plan, which Plaintiff alleged caused him substantial pain. Id. at 146. Although the complaint appeared to demonstrate that the plaintiff's cancer diagnosis was delayed at least partially, if not even substantially, due to his own actions, the Third Circuit found that it could not find "as a matter of law, that [the delays] prevent [the plaintiff] from showing that [health care administrator] acted deliberately indifferent during the alleged 17-day period." Id. Further, the Third Circuit noted that even if

---

[1] For instance, the Court of Appeals for the Third Circuit has held in Durmer v. O'Carroll that summary judgment was improper in a case where a doctor failed to prescribe physical therapy to a prisoner who continuously spoke of his deteriorating condition as a result of a stroke and his need for immediate therapy. 991 F.2d 64, 67-69 (3d Cir. 1993). The Third Circuit still found that it was important for the plaintiff's counsel to be able to examine the doctor's intent and hear his testimony to assess his credibility in order to determine the doctor's motivation in delaying treatment, because if "the failure to provide adequate care in the form of physical therapy was deliberate, and motivated by non-medical factors, then [the plaintiff] had a viable claim." Id. at 69. Similarly, the Court finds that it would be inappropriate to dismiss the case at this early stage of the proceeding where Plaintiff has not yet had the benefit of discovery. It seems to the Court reasonable to infer that since no medical reason has been provided thus far for delaying Plaintiff's treatment (that is, this is not a case where the Court is second guessing a physician's choice of treatment, as it does not appear that Defendant disagrees with Plaintiff that she required prompt follow up care after the July 15 note), that Plaintiff may in fact be able to discern through the course of discovery that a non-medical reason exists. Of course, should she be unable to do so, that would be an issue for future dispositive motions.

3

discovery demonstrates a legitimate reason for the delay, it is "at this point mere speculation and has no bearing on [the] Rule 12(b)(6) analysis." Id.

Defendant does not appear to seek to dismiss Count II for any other reason except for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), in the event that this Court were to dismiss Count I. As the Court finds that Plaintiff has alleged sufficient facts as to Count I of her Amended Complaint, the Court also will continue to retain supplemental jurisdiction over Count II under 28 U.S.C. §1367(a).

## II. ORDER

Consistent with the foregoing, Defendant's Second Motion to Dismiss (**Doc. 27**) is **DENIED** as to Count I and Count II.

IT IS SO ORDERED.

June 30, 2021                               s\Cathy Bissoon
                                            Cathy Bissoon
                                            United States District Judge

cc (via ECF email notification):

All Counsel of Record